UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No.  08cv0672-JAH(LSP) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| v. | ) | MOTION FOR JUDGMENT |
| | ) | BY DEFAULT AGAINST ALL |
| ONE RESIDENTIAL PROPERTY | ) | POTENTIAL CLAIMANTS AND |
| LOCATED AT 2585 RAINBOW | ) | FORFEITING THE DEFENDANT |
| VALLEY BOULEVARD, | ) | TO THE UNITED STATES |
| FALLBROOK, CALIFORNIA, | ) | |
| AND ALL IMPROVEMENTS | ) | |
| AND APPURTENANCES | ) | |
| AFFIXED THERETO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court for hearing on November 3, 2008, on the Plaintiff Government's motion for an order granting it default judgment.  No written opposition to the motion was filed or otherwise received.  Further, no one made an appearance in court to challenge the forfeiture. Based upon the government's motion, the hearing,  and upon review of the Court's file in this matter, IT IS HEREBY ORDERED:

    1.  The government's motion is GRANTED.

    2.  The Court makes the following findings and conclusions:

        a.    On April 14, 2008, a verified complaint for forfeiture was filed against the above defendant, 2585 Rainbow Valley Boulevard, Fallbrook, California, and All Improvements and Appurtenances Affixed Thereto ("defendant property"), more particularly described as:

**ASSESSORS PARCEL NO. 102-240-20-00**

**PARCEL 1:**

**THAT PORTION OF THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SECTION 1, TOWNSHIP 9 SOUTH, RANGE 3 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO OFFICIAL PLAT THEREOF, LYING NORTH OF A LINE DRAWN PARALLEL WITH THE SOUTH LINE**.

b. On June 27, 2008, the Complaint was posted on the front door of the residence by a duly authorized United States Marshal.

c. On June 11, 2008, Notice of Judicial Forfeiture Proceedings and a copy of the Complaint for Forfeiture were sent by certified mail to the following potential claimants at their addresses of record:

| Name and Address | Article No. | Result |
|---|---|---|
| Mark Wynne<br>EMHV Holding, LLC<br>23650 Blackbuck<br>Canyon Lake CA 92587 | 7004 2510 0003 3014 8732 | Returned by U.S. Postal Service on 6/24/08 marked "return to sender, unable to forward" |
| GreenPoint Mortgage Funding, Inc.<br>100 Wood Hollow Drive<br>Novato CA 94945 | 7004 2510 0003 3014 8756 | Signed for as received on 6/16/08. |
| CSC - Lawyers Incorp. Service<br>Agent for Service of Process<br>2730 Gateway Oaks Dr., Suite 100<br>Sacramento CA 95833 | 7004 2510 0003 3014 8749 | Signed for as received on 6/13/08. |

d. On July 15, 22 and 29, 2008, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Claims and Asset Forfeiture Actions, notice was published in the San Diego Commerce newspaper.

e. On September 5, 2008 a Declaration of and Request for Clerk's Entry of Default was filed in this case. A Clerk's Entry of Default was filed September 9, 2008 as Document No. 8.

f. On September 24, 2008, the government filed its Notice of Motion and Motion for Judgment by Default as to All Potential Claimants.

g. Plaintiff's verified Complaint for Forfeiture sets forth adequate evidence demonstrating the forfeitability of the defendant property and no one has come forward to dispute

the facts. The government has demonstrated by a preponderance of the evidence that the defendant property facilitated narcotics trafficking, in violation of Chapter 13, Title 21, United States Code, and forfeitable pursuant to Title 21, United States Code, Section 881(a)(7).

3. The defendant property is hereby condemned and forfeited to the United States of America pursuant to Title 21, United States Code, Section 881(a)(7). Judgment shall be entered on Plaintiff's complaint in favor of the United States of America.

4. The United States Marshals Service shall dispose of the forfeited property according to law. Costs incurred by the United States Marshals Service, the Drug Enforcement Administration and any other governmental agencies which were incident to the seizure, custody and storage of the defendant property shall be the first charge against the forfeited defendant.

DATED: November 14, 2008

_____
JOHN A. HOUSTON
United States District Judge